UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NICHOLAS LAGRASTA and
DOMENICO LAGRASTA, on behalf of
themselves and all others similarly situated,

    Plaintiffs,

v.                                            CASE NO. 2:01-CV-251-FTM-29-DNF

WACHOVIA CAPITAL MARKETS, LLC f/k/a
FIRST UNION SECURITIES, INC.,

    Defendant.
_____/

## FINAL JUDGMENT

Pursuant to the Opinion and Order of the Court dated November 6, 2006, , IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Final Judgment incorporates the Stipulation's definitions by reference, and all terms used herein shall have the meanings set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class members.

3. Pursuant to Fed. R. Civ. P. 23, the Court on August 8, 2006 certified a Class of all persons who purchased common stock of Ask Jeeves between November 8, 1999 and May 16, 2000. As of the deadline set by this Court in its preliminary approval order (Dkt. 175), no investors have sought exclusion from the Class or objected to the Settlement, to Class Counsel's request for attorneys' fees and costs, or to Class Representative's request for reasonable costs and expenses.

4.  The Court finds that the Settlement set forth in the Stipulation is, in all respects, fair, just, reasonable, and adequate to the Class and, therefore, finally approves the Settlement under Fed. R. Civ. P. 23, and the Parties are hereby directed to perform its terms. The Court further finds that Class Counsel's request for attorneys' fees and costs is fair and reasonable, and the Court hereby awards Class Counsel attorneys' fees of 30% of the Maximum Settlement Amount, that is, nine million dollars ($9,000,000) and reasonable costs and expenses of $500,000, all to be paid from the Maximum Settlement Amount. The Court also awards class representative Nicholas LaGrasta his reasonable costs and expenses in a total amount of $149,087 to be paid by Class Counsel out of the award of Class Counsel's reasonable costs and expenses.

5.  The Action and all its claims, as well as all Released Claims against Wachovia and any and all Released Parties, are dismissed with prejudice. The Parties shall bear their own costs, except as otherwise provided in the Stipulation.

6.  The Court finally approves Rust Consulting, Inc. as Claims Administrator pursuant to the Stipulation and finally approves Frederick S. Schrils as Arbitrator pursuant to the Stipulation.

7.  On the Effective Date, Plaintiffs and each Class member shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against Wachovia and the Released Parties, whether or not such Class member executes and delivers the Proof of Claim.

8.  All Class members are hereby forever barred and enjoined from prosecuting any and all Released Claims against Wachovia and any and all Released Parties.

9.  On the Effective Date, Wachovia shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished, and

discharged all Class members and Class Counsel from any claims relating to the institution, prosecution, or settlement of this Action; provided, however, that nothing herein shall release the Parties, Class members, or Class Counsel from their obligations under the Stipulation.

10. The Stipulation and Settlement, and any act performed or document executed under or in furtherance of the Stipulation or the Settlement or any negotiation, discussion, or proceedings in connection with the Stipulation or the Settlement:

a. shall not be offered or received against Wachovia for any reason, including, without limitation, as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by Wachovia or First Union with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that had been or could have been asserted in the action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of Wachovia or First Union;

b. shall not be offered or received against Wachovia as evidence of or construed as or deemed evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Wachovia or First Union, including, but not limited to, any First Union research reports on Ask Jeeves, or against Plaintiffs and the Class as evidence of any infirmity in the claims of Plaintiffs and the Class;

c. shall not be offered or received against Wachovia as evidence of or construed or deemed to be evidence of any presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason as against any of the Parties to the Stipulation, in any other civil, criminal, or administrative action or proceeding (including, but not limited to, any formal or informal investigation or inquiry by the Securities and Exchange

Commission, the National Association of Securities Dealers, or any other self-regulatory organization, or any state or federal regulatory authority);

d. shall not be offered, received, or construed against Wachovia as an admission or concession that the consideration to be paid pursuant to the Stipulation represents the amount which could or would be recovered after trial;

e. shall not be offered, construed, or received in evidence as an admission, concession, or presumption against Plaintiffs or the Class that any of their claims are without merit or that damages recoverable in the Action would not have exceeded the Maximum Settlement Amount. Wachovia may file the Stipulation and/or this Order and Final Judgment in any other action that may be brought against it in support of a defense or counterclaim based upon principles of res judicata, collateral estoppel, release, good faith settlement, judgment, bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim; and

f. shall not be offered, construed, or received in evidence as an admission, concession, or presumption against Wachovia that the certification of a class for purposes of litigation was proper.

11. Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains continuing jurisdiction over (a) this Settlement's implementation and any award or distribution of the Settlement and (b) all Parties for the purpose of construing, enforcing, and administering the Stipulation.

12. If the Settlement does not become effective in accord with the Stipulation, then (i) this Order and Final Judgment shall be rendered null and void to the extent provided by and in accord with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accord with

the Stipulation and (ii) the parties shall immediately revert to their litigation positions as of June 30, 2006 and shall apply to the Court for a case schedule comparable to that existing on or before April 24, 2006.

_____, Deputy Clerk
Clerk of the Court

cc: Counsel of Record